STATE OF NORTH CAROLINA
v.
VERNON SENTELL PLATT
No. COA08-926
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kimberly W. Duffley, for the State.
Michael J. Reece for defendant-appellant.
ROBERT C. HUNTER, Judge.
Vernon Sentell Platt ("defendant") appeals from judgments entered 20 March 2008 consistent with jury verdicts finding him guilty of attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury, and his guilty plea to a charge of possession of a firearm by a felon. The trial court sentenced defendant to consecutive sentences of 251 to 311 months imprisonment for the conviction of attempted first degree murder, 133 to 169 months imprisonment for the conviction of assault with a deadly weapon with intent to kill inflicting serious injury, and twenty to twenty-four months imprisonment for the conviction of possession of a firearm by a felon. Defendant gave notice of appeal in open court. At trial, the evidence tended to show that on the evening of 23 December 2006, defendant entered the Gap Kids store at the Four Seasons Mall in Greensboro, North Carolina. In the store, an altercation broke out between defendant and Charran Hayes, who was in the store purchasing clothes for a young girl. Hayes broke away from defendant and attempted to run out of the store, but defendant drew a semi-automatic handgun and fired several times, hitting Hayes in the head.
Dr. David Jones, a neurosurgery specialist, performed surgery on a comatose Hayes to relieve swelling of Hayes's brain. Dr. Jones testified that Hayes had several scalp injuries and a shattered skull with dead brain matter exiting through the skull fractures. Hayes survived but has a limited prognosis and suffers from long term injuries to his nervous system that include paralysis of his legs and right arm, coordination deficits in his left arm, muscle and eye spasms, and garbled speech.
Defendant now argues the trial court erred, or alternatively committed plain error, in entering judgment on both attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury, in violation of his state and federal constitutional rights to be free from double jeopardy. However, as defendant recognizes in his second argument to this Court, defendant failed to raise this constitutional question in the trial court below and has waived this argument. State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) ("[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal"). Additionally, while defendant contends the trial court committed plain error in entering its judgments, it is well settled that "'plain error analysis applies only to instructions to the jury and evidentiary matters.'" State v. Cummings, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000) (citations omitted), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). Accordingly, this argument is not properly before this Court and defendant's assignment of error is dismissed.
Realizing his first issue is not properly before this Court, defendant also argues he received ineffective assistance of trial counsel in that his trial counsel did not object, on double jeopardy grounds, to the entry of judgment on both attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. We disagree.
It is well established that:
To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that "counsel's representation `fell below an objective standard of reasonableness.'" Generally, "to establish prejudice, a `defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"
State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations omitted), cert. denied, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). Defendant concedes that he cannot show a reasonable probability that the result of the proceeding would have been different. Our Supreme Court has held that convictions entered on the offenses in question, arising out of the same act, do not violate double jeopardy protections:
[A]ssault with a deadly weapon with intent to kill inflicting serious injury requires proof of the use of a deadly weapon, as well as proof of serious injury, neither of which are elements of attempted first-degree murder. Similarly, attempted first-degree murder includes premeditation and deliberation, which are not elements of assault with a deadly weapon with intent to kill inflicting serious injury. Because each offense contains at least one element not included in the other, defendants have not been subjected to double jeopardy.
State v. Tirado, 358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) (citations omitted), cert. denied, 544 U.S. 909, 161 L. Ed. 2d 285 (2005). As any objection raised by defendant's trial counsel on double jeopardy grounds would necessarily have been overruled based on Tirado, defendant's argument that he received ineffective assistance of counsel for not raising such an argument must fail. This assignment of error is overruled. Defendant's remaining assignment of error set forth in the record on appeal, but not argued in his brief to this Court, is deemed abandoned. N.C.R. App. P. 28(b)(6).
No error.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).